IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE GAMIZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:24-CV-06576 |
| | ) | |
| v. | ) | Judge Joan H. Lefkow |
| | ) | |
| THOMAS SHEEHAN, star #6496, | ) | Magistrate Judge Hon. Young B. Kim |
| individually and in his official capacity | ) | |
| as SPECIAL AGENT with the | ) | |
| ILLINOIS STATE POLICE | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SHEEHAN'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

NOW COME the Defendant Thomas Sheehan, by and through their attorney KWAME RAOUL, Attorney General of the State of Illinois, and for their Answer to Plaintiff's Amended Complaint state the following:

**JURSIDICTION AND VENUE**

1. The incidents giving rise to this Complaint occurred on or about March 28, 2023, at or about 3:40 p.m. Central Standard Time at or near I-55 Northbound at County Line Road Burr Ridge, IL 60527, as well as occurring in the investigation and prosecution that followed.

**ANSWER: Defendant admits the allegations of this paragraph but denies any wrongdoing or misconduct.**

2. Jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 USC §1983, §1988, the judicial code 28 U.S.C. §1331, and §1343(a), the Constitution of the United States, and pendent jurisdiction as provided under 28 U.S.C. §1367(a).

**ANSWER: Defendant admits the allegations of this paragraph but denies any wrongdoing or misconduct.**

3. Venue is proper under 28 U.S.C. §1391(b) as, upon information and belief, all parties reside in the judicial district and the events giving rise to the claims asserted herein occurred in this district.

**ANSWER: Defendant admits the allegations of this paragraph but denies any wrongdoing or misconduct.**

1

## PARTIES

4. At all times relevant herein Plaintiff is and was a resident of Chicago, Cook County, Illinois.

**ANSWER: Defendant admits the allegations in this paragraph.**

5. At the time of the incident that forms the basis of Plaintiff's Complaint in this matter, the Illinois State Police Department were located in Illinois and the principal employer of Defendant Special Agent (hereafter referenced as "S.A.") Thomas Sheehan, Star Number 6496 (hereinafter S.A. Sheehan).

**ANSWER: Defendant admits the allegations in this paragraph.**

6. At all times relevant herein, Defendant S.A. Sheehan was an Illinois State Police Special Agent and the actions described in this Complaint were taken under color of law and within the course and scope of his employment as an Illinois State Police Special Agent.

**ANSWER: Defendant admits the allegations of this paragraph but denies any wrongdoing or misconduct.**

7. OMITTED

## STATEMENT OF FACTS

8. On March 28, 2023, a two car collision occurred at or about 3:40 p.m. Central Standard Time at or near I-55 Northbound at County Line Road Burr Ridge, IL 60527 between a vehicle driven by Plaintiff Jose Gamiz and a vehicle driven by a Mercedes Rodriguez.

**ANSWER: Defendant admits the allegations in this paragraph.**

9. Upon arriving to the scene, Illinois State Police Trooper H. Sterling, #6176 spoke to the Plaintiff who had been driving a gray 2022 Ford Explorer bearing Illinois registration DR84874.

**ANSWER: Defendant admits the allegations in this paragraph.**

10. Plaintiff informed Trooper Sterling that he had been involved in an accident with the vehicle driven by Mercedes Rodriguez and that Mercedes Rodriguez had caused the accident by striking his vehicle.

**ANSWER: Upon information and belief, Defendant admits the allegations in this paragraph.**

11. Plaintiff further informed Trooper Sterling that after the accident that had occurred between Plaintiff and Mercedes Rodriguez, Ms. Rodriguez immediately exited her vehicle and while standing in front of Plaintiff's vehicle in the middle of the interstate, Plaintiff's vehicle and Ms. Rodriguez were both struck by a passing semi-truck which caused Ms. Rodriguez to suffer personal injuries.

**ANSWER: Defendant denies this accurately depicts the events in question and therefore denies the allegations in this paragraph.**

12. Following an extended investigation that lasted multiple weeks, Plaintiff was subsequently arrested on or about May 8, 2023 by Defendant for allegedly causing the accident and for allegedly intentionally running Mercedes Rodriguez over with his car, thereby causing her personal injuries. Plaintiff was charged and prosecuted in the Circuit Court of Cook County, District Five, Bridgeview with three felony counts of Aggravated Battery pursuant to 720 ILCS 5/12-3.05 in the matter of People v Jose Gamiz, 23CR0705101 as the result of a grand jury indictment.

**ANSWER: Defendant denies this accurately depicts the events in question and therefore denies the allegations in this paragraph.**

13. At the time of the accident, Plaintiff's vehicle was equipped or fitted with a telematic unit that recorded how Plaintiff's vehicle was driven at all times, including at all times relevant herein (hereinafter the black box).

**ANSWER: Defendant admits the allegations in this paragraph.**

14. During the extended investigation conducted by Defendant, and pursuant to a search warrant, evidence was received from the data from the black box for the date of March 28, 2023 of the Gamiz vehicle. This same data was made available to Plaintiff's defense attorney in the ordinary course of discovery in the matter of People v Gamiz, 23CR0705101.

**ANSWER: Defendant admits the allegations in this paragraph.**

15. During the investigation conducted by Plaintiff's defense attorney, it was revealed that Traffic Crash Reconstruction Trooper Amanda Griffin, #5859, did not conduct any reconstruction or analysis of the black box data during the investigation of this case. She only extracted the data, completed an extraction report, and provided the data to Special Agent Sheehan as part of his investigation.

**ANSWER: Defendant admits the allegations in this paragraph.**

16. Upon receiving all evidence the State planned to introduce against Plaintiff, Defense counsel submitted this evidence to Christopher Weinbrenner, who is both an active law enforcement officer as well as a licensed, trained and certified expert in the field of motor vehicle accident analysis and reconstruction.

3

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

17. Following a full analysis of all evidence in this case including analyzing the black box data, Weinbrenner opined conclusively and unequivocally in his written report that Gamiz vehicle did not intentionally accelerate moments before Mercedes Rodriguez suffered bodily injury and that the movement of Gamiz vehicle was the result of an accident. Weinbrenner reached this conclusion based on specific, articulable details of the crash data report as well as viewing video of the moment the incident occurred. This report and evidence was never rebutted whatsoever by any evidence gathered by S.A. Sheehan in his initial investigation that led to the charges and prosecution of Plaintiff and was never rebutted by the State during the prosecution of the Plaintiff.

**ANSWER: Defendant denies the allegations in this paragraph.**

17. The data from the black box unequivocally showed that the Plaintiff did not intentionally run over or hit or strike Mercedes Rodriguez with his vehicle when she had exited her vehicle on March 28, 2023 and stood in front of Gamiz vehicle in the middle of the interstate. To the contrary, it concluded that an accident had occurred and it was that accident that led to the bodily injuries sustained by Mercedes Rodriguez.

**ANSWER: Defendant denies the allegations in this paragraph.**

18. The Illinois State Police and the State's Attorney's Office caused the prosecution of the Plaintiff for aggravated battery despite never conducting any analysis or reconstruction based on the data from the black box of the Gamiz vehicle.

**ANSWER: Defendant denies the allegations in this paragraph.**

19. There was no probable cause to arrest the Plaintiff on or about May 8, 2023 pursuant to an alleged violation of aggravated battery pursuant to 720 ILCS 5/12-3.05.

**ANSWER: Defendant denies the allegations of this paragraph.**

20. On or about May 9, 2023, Defendant S.A. Sheehan maliciously and without probable cause signed a criminal complaint against the Plaintiff, charging him with Aggravated Battery for allegedly intentionally striking Mercedes Rodriguez with Plaintiff's vehicle on or about March 28, 2023.

**ANSWER: Defendant admits that he signed a complaint against the Plaintiff but denies the remaining allegations of this paragraph.**

21. Plaintiff was forced to hire an attorney to defend himself against the false charges placed against him by Defendant S.A. Sheehan.

**ANSWER: Defendant denies the allegations of this paragraph.**

22. On April 2, 2024 all charges against the Plaintiff related to his arrest on March 28, 2023, were dismissed Nolle Prosequi upon the motion of the State, in a manner consistent with the innocence of the Plaintiff.

**ANSWER: Defendant admits the charges against Plaintiff were nolle prosequi but denies the remaining allegations in this paragraph.**

23. As a result of the Defendant Special Agent Sheehan's actions, the Plaintiff experienced injuries including but not limited to loss of freedom, humiliation, emotional distress, and legal expenses.

**ANSWER: Defendant denies the allegations of this paragraph.**

### COUNT I – 42 U.S.C. §1983 FALSE ARREST – DEFENDANT SHEEHAN

24. Plaintiff re-alleges paragraphs 1-23 as if set forth fully herein.

**ANSWER: Defendant reasserts his responses to paragraphs 1-23 as set forth fully herein.**

25. Defendant S.A. Sheehan, without probable cause or legal justification, caused the Plaintiff to be arrested and unlawfully detained, and or failed to intervene to prevent the Plaintiff from being arrested and unlawfully detained.

**ANSWER: Defendant denies the allegations of this paragraph.**

26. As a result of the above described wrongful infringement of the Plaintiff's rights, he suffered damages including, but not limited to, those described above.

**ANSWER: Defendant denies the allegations of this paragraph.**

### COUNT II – 42 U.S.C. §1983 ILLEGAL DETENTION – DEFENDANT SHEEHAN

24. Plaintiff re-alleges paragraphs 1-23 as if set forth fully herein.

**ANSWER: Defendant reasserts his responses to paragraphs 1-23 as set forth fully herein.**

25. Defendant S.A. Sheehan caused the commencement of a criminal case against the Plaintiff for violation of aggravated battery falsely, maliciously, and without probable cause. Defendant S.A. Sheehan failed to intervene to prevent the Plaintiff from being unlawfully detained pending trial for the charges placed against him by the Defendant officers.

**ANSWER: Defendant denies the allegations of this paragraph.**

26. The charges initiated against the Plaintiff by Defendant S.A. Sheehan was resolved in the Plaintiff's favor in a manner indicative of his innocence.

**ANSWER: Defendant denies the allegations in this paragraph.**

27. The probable cause determination in this case was predicated solely on the Defendant S.A. Sheehan fabrications regarding the Plaintiff's conduct and their willful failure to accept the exonerating evidence that existed proving Plaintiff in fact did not intentionally strike anyone with his vehicle on March 28, 2023.

**ANSWER: Defendant denies the allegations of this paragraph.**

28. As a result, Defendant Sheehan's false statements and willful ignorance of the exonerating evidence that existed proximately caused the Plaintiff to be confined without constitutionally adequate justification.

**ANSWER: Defendant denies the allegations of this paragraph.**

29. Therefore, the Plaintiff's rights under the Fourth Amendment to the United States constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures was violated.

**ANSWER: Defendant denies the allegations of this paragraph.**

30. As a direct and proximate cause of this violation, the Plaintiff suffered damages as detailed above.

**ANSWER: Defendant denies the allegations of this paragraph.**

## COUNT III – ILLINOIS STATE LAW MALICIOUS PROSECUTION – DEFENDANT SPECIAL AGENT THOMAS SHEEHAN

31. Plaintiff re-alleges paragraphs 1-30 as if set forth fully herein.

**ANSWER: Defendant reasserts his responses to paragraphs 1-30 as set forth fully herein.**

32. As described above, Defendant S.A. Sheehan, without legal justification or probable cause, caused the Plaintiff to be criminally prosecuted in the Circuit Court of Cook County.

**ANSWER: Defendant denies the allegations of this paragraph.**

33. As described above, the Plaintiff's case was resolved in his favor and in a manner consistent with his innocence.

**ANSWER: Defendant denies the allegations of this paragraph.**

6

34. The State of Illinois is liable for the actions of Defendant Sheehan on this state law claim based on respondeat superior.

**ANSWER: Defendant denies the allegations of this paragraph.**

35. As a result of the above described wrongful infringement of the Plaintiff's rights, the Plaintiff suffered damages as described above.

**ANSWER: Defendant denies the allegations of this paragraph.**

## AFFIRMATIVE DEFENSES

1. Defendant Sheehan is a government official, namely a state trooper, who performs discretionary functions. At all times material to the events alleged in Plaintiff's Amended Complaint, a reasonable state trooper objectively viewing the facts and circumstances that confronted said Defendant could have believed their actions to be lawful, in light of clearly established law and the information that said Defendant possessed. Defendant, therefore, is entitled to qualified immunity as a matter of law. *See Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 2000).

2. Defendant cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless he individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. See *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

3. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

4. Defendant is absolutely immune from civil liability for any testimony given in judicial proceedings in plaintiff's underlying criminal case. *Briscoe v. LaHue*, 460 U.S. 325, 330-31, 103 S. Ct. 1108, 1113 (1983); *Jurgensen v. Haslinger*, 295 Ill. App. 3d 139, 141-42, 692 N.E.2d 347, 349-50 (3d Dist. 1998).

5. Plaintiff's state-law claims are barred by the sovereign immunity doctrine, as codified in the Illinois State Lawsuit Immunity Act, 745 ILCS 5/1, and therefore may not be brought in federal court.

6. Under the common law doctrine of public official immunity, State officials and State employees are fully protected from liability for acts falling within the discretion of their position. *Mora v. State*, 68 Ill.2d 223, 233 (1977); *Larson v. Darnell*, 113 Ill. App. 3d 975, 976 (1983). The doctrine rests on the theory that government officials should not be impeded from acting in ways they perceive are in the public's best interest because of fears of personal liability. *Oppe v. State*, 171 Ill. App. 3d 491, 495 (1988). As to all of Plaintiff's allegations, the Defendant

was engaged in a governmental activity unique to his employment as a Parole Agent requiring the use of his discretion as a Parole Agent. Accordingly, Defendant should be deemed immune from liability for all state-law claims under the doctrine of public official immunity.

## **JURY DEMAND**

Defendant hereby demand a trial by jury for all issues so triable.

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

By: s/ *Michael J. Bradtke*
Michael J. Bradtke
Assistant Attorney General
General Law Bureau
115 S. LaSalle St.
Chicago, Illinois 60603
Michael.Bradtke@ilag.gov